# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1024** |
| **HOWARD PRINCE, WARDEN** | **SECTION "R"(6)** |

## TRANSFER ORDER

Petitioner, WILLIAM HART a.k.a. WILLIAM SMITH, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1983 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) Petitioner was denied the right to due process and a fair trial when the trial court allowed other crimes evidence to be introduced at trial;

2) Petitioner was denied the right to effective assistance of counsel when counsel failed to object to the introduction of other crimes evidence, failed to follow up on the sanity commission request and failed to argue lack of specific intent to the jury;

3) Petitioner was denied the right to due process and a fair trial when the trial court permitted unnecessary, irrelevant, and immaterial evidence to be introduced to the jury.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>William Hart v. State</u>

of Louisiana, Civil Action 96-0734 "E"(2). In that petition, petitioner raised the following grounds for relief:

1) Petitioner was denied effective assistance of counsel in failing properly to investigate and utilize an insanity defense; and

2) The prosecution failed to prove specific intent.

That petition was dismissed with prejudice on the merits by Judgment entered October 10, 1996. Rec. Doc. No. 10. Petitioner appealed the judgment. The appeal was dismissed as untimely. Rec. Doc. No. 12.

Petitioner filed a second petition for writ of habeas corpus related to this conviction and sentence entitled William Hart a/k/a William C. Smith v. Burl Cain, Warden, 99-3133 "E"(2). In that petition, petitioner raised the following grounds for relief:

1) The selection process for the grand jury foreman was racially discriminatory; and

2) Counsel rendered ineffective assistance by failing to object to the racial composition of the grand jury.

This Court transferred the second or successive petition to the United States Fifth Circuit Court of Appeals for petitioner to obtain authorization to file. The motion was denied. Rec. Doc. No. 12. The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that WILLIAM HART's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 14th day of May, 2010

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE